UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

**SHERYL LEE MARIE MARTIN**          **CIVIL ACTION**

**VERSUS**                            **NO. 17-7683**

**FREDRICK BOUTTE, WARDEN**           **SECTION "F"(2)**

### REPORT AND RECOMMENDATION

This matter was referred to a United States Magistrate Judge to conduct hearings, including an evidentiary hearing, if necessary, and to submit proposed findings and recommendations for disposition pursuant to 28 U.S.C. §§ 636(b)(1)(B) and (C) and, as applicable, Rule 8(b) of the Rules Governing Section 2254 Cases. Upon review of the entire record, I have determined that a federal evidentiary hearing is unnecessary. See 28 U.S.C. § 2254(e)(2).[1] For the following reasons, I recommend that the instant petition for habeas corpus relief be **DISMISSED WITHOUT PREJUDICE** for failure to exhaust state court remedies.

---

[1] Under 28 U.S.C. § 2254(e)(2), whether to hold an evidentiary hearing is a statutorily mandated determination. Section 2254(e)(2) authorizes the district court to hold an evidentiary hearing only when the petitioner has shown either that the claim relies on a new, retroactive rule of constitutional law that was previously unavailable, 28 U.S.C. § 2254(e)(2)(A)(i), or the claim relies on a factual basis that could not have been previously discovered by exercise of due diligence, 28 U.S.C. § 2254(e)(2)(A)(ii); and the facts underlying the claim show by clear and convincing evidence that, but for the constitutional error, no reasonable jury would have convicted the petitioner. 28 U.S.C. § 2254(e)(2)(B).

I.  FACTUAL AND PROCEDURAL BACKGROUND

The petitioner, Sheryl Lee Marie Martin, is incarcerated in the Louisiana Correctional Institute for Women in St. Gabriel, Louisiana.[2] On October 12, 2011, Martin and two co-defendants, Brittany L. Martin and Terry J. LeBoeuf, were indicted in Terrebonne Parish for the aggravated rape of a juvenile under the age of thirteen.[3] The Louisiana First Circuit summarized the facts established at trial:[4]

> In August of 2011, the victim, twelve-year-old K.B., was at the defendant's home in Chauvin, Louisiana, where her friend, R.A. lived. R.A. is the defendant's niece. The defendant's adult daughter, B.M., also lived in the home. The victim and R.A. were lying in R.A.'s bedroom when B.M. came in and said a man (later identified as Terry LeBoeuf) wanted a "blow job." The defendant walked in and said, "Don't be a pussy[,] come on[,] just do it." The victim stated that the defendant told her she would buy her earrings, hair dye, and anything else she wanted in exchange for her performing the act. After the victim agreed, the defendant gave her clothes to wear, told her to take a bath, and to put on makeup.
> LeBoeuf picked up the victim and the defendant from the defendant's home, and the defendant told LeBoeuf that the victim was eighteen years old. The three drove to LeBoeuf's house and went into his bedroom. LeBoeuf removed his clothing, and the defendant told the victim to remove her shirt and bra. The defendant also removed her own shirt and bra. While the victim performed oral sex on LeBoeuf, the defendant was lying in the bed with them, drinking a Dr. Pepper. According to the victim, the defendant and LeBoeuf were whispering to each other.
> The defendant then told the victim to remove her pants and underwear, and LeBoeuf performed oral sex on the victim. At this point, the defendant had left the room, but was "peeking" in. Afterward, LeBoeuf gave the victim $100.00 and gave the defendant $10.00, but as they were walking out the door, the defendant

---

[2]Rec. Doc. No. 1.

[3]St. Rec. Vol. 1 of 3, Indictment, 10/12/11; Grand Jury Return, 10/12/11.

[4]Pursuant to La. Rev. Stat. § 46:1844W, the state courts used the initials of the minor victim and other witnesses to protect the identity of the victim. This Court will do the same.

2

took the victim's money. LeBoeuf then drove the defendant and the victim to Wal-Mart, where the defendant bought hair dye for the victim. The three ran a few other errands before returning to the defendant's house. The victim stated that the defendant and her daughter wanted the money for pills.

LeBoeuf testified that he received a telephone call from the defendant wherein she stated that she "found someone for [him]." The defendant told LeBoeuf to come to her house. He went to the defendant's house and picked up the defendant and the victim. He testified that he made the deal with the defendant and that they came to an agreed upon price of $100.00. LeBoeuf stated that at the time of this event, he was sixty-five years old. He claimed that the defendant told him the victim was eighteen years old. After the victim performed oral sex on him, he gave her $100.00.

According to the defendant's testimony, her daughter approached her about calling someone to get some money, so the defendant called LeBoeuf. The defendant went with the victim to LeBoeuf's house and discussed money with him. The defendant claimed that the night before, she was at a party drinking and doing cocaine and Roxycontin. She testified that the drugs usually stay in her system for three days, and that it took her approximately one month after the incident to get a "clear head." However, she also testified that when she was riding to LeBoeuf's house, she knew what the "situation" was. Of the $110.00 the defendant received from the deal, she purchased two Roxycontins, which were $20.00 each, paid a $10.00 debt, bought the victim $40.00 worth of items from Wal-Mart, and gave another man $20.00.

The defendant, the defendant's daughter, and LeBoeuf, were all placed under arrest in connection with this incident.

State v. Martin, No. 2014-KA-0295, 2014 WL 4668768, at *1-*2 (La. App. 1st Cir. Sep. 19, 2014); State Record Volume 1 of 3, Louisiana First Circuit Court of Appeal Opinion, 2014-KA-0295, pages 1-4, September 19, 2014.

Martin was separately tried before a jury on April 16 through 19, 2013, and found guilty as charged of aggravated rape.[5] At a July 10, 2013, hearing, the state trial court

---

[5]St. Rec. Vol. 1 of 3, Trial Minutes, 4/16/13; Trial Minutes, 4/17/13; Trial Minutes, 4/18/13; Trial Minutes, 4/19/13; Trial Transcript (part one), 4/16/13; St. Rec. Vol. 2 of 3, Trial Transcript (part two), 4/16/13; Trial Transcript, 4/17/13; St. Rec. Vol. 3 of 3, Trial Transcript, 4/18/13; Trial Transcript, 4/19/13.

3

denied Martin's motions for new rial and for judgment of acquittal notwithstanding the verdict.[6] After waiver of legal delays, the court sentenced Martin to life in prison without benefit of parole, probation or suspension of sentence.[7] The court also denied Martin's request to reconsider the sentence.[8]

On direct appeal to the Louisiana First Circuit, Martin's appointed counsel asserted three errors:[9] (1) The state trial court erred in refusing to instruct the jury on voluntary intoxication. (2) The state trial court erred in failing to re-instruct the jury on the definitions of the responsive verdicts when requested. (3) The state trial court imposed an excessive sentence. The Louisiana First Circuit affirmed Martin's conviction and sentence on September 19, 2014, finding no merit in the first and third claims and that the second claim was not preserved for appeal by contemporaneous objection and otherwise lacked merit.[10]

---

[6]St. Rec. Vol. 1 of 3, Sentencing Minutes, 7/10/13; Motion for New Trial, 7/10/13; Motion for Judgment of Acquittal Notwithstanding Verdict, 7/10/13; St. Rec. Vol. 3 of 3, Sentencing Transcript, 7/10/13.

[7]St. Rec. Vol. 1 of 3, Sentencing Minutes, 7/10/13; St. Rec. Vol. 3 of 3, Sentencing Transcript, 7/10/13.

[8]St. Rec. Vol. 1 of 3, Sentencing Minutes, 7/10/13; Motion to Reconsider Sentence, 7/10/13; St. Rec. Vol. 3 of 3, Sentencing Transcript, 7/10/13.

[9]St. Rec. Vol. 1 of 3, Appeal Brief, 2014-KA-0295, 3/20/14; Reply Brief, 2014-KA-0295, 5/23/14.

[10]Martin, 2014 WL 4668768, at *1; St. Rec. Vol. 1 of 3, 1st Cir. Opinion, 2014-KA-0295, 9/19/14.

The Louisiana Supreme Court denied Martin's related writ application on May 22, 2015, without stated reasons.[11] Her conviction became final ninety (90) days later, on August 20, 2015, when she did not file a writ application with the United States Supreme Court. Ott v. Johnson, 192 F.3d 510, 513 (5th Cir. 1999) (period for filling for certiorari with the United States Supreme Court is considered in the finality determination under 28 U.S.C. § 2244(d)(1)(A)), cert. denied, 529 U.S. 1099 (2000); U.S. Sup. Ct. Rule 13(1).

Almost nine months later, on May 18, 2016, Martin signed and submitted an application for post-conviction relief to the state trial court asserting six grounds for relief:[12] (1) She received ineffective assistance of trial counsel when counsel failed to communicate with her regularly, engage in adequate discovery, prepare a defense and submit jury charges on voluntary intoxication and mercy for the defendant. (2) Her due process rights were violated when the state trial court failed to give a written copy of the definitions of the responsive verdicts to the jury. (3) The victim's testimony should have been impeached as inconsistent with statements taken by law enforcement. (4) Her due process rights were violated when the State failed to question why the school board did not report that the victim was homeless when Martin put them on notice. (5) Martin's inculpatory statements were used to allow the co-defendant LeBoeuf to avoid trial,

---

[11]State v. Martin, 170 So.3d 982 (La. 2015); St. Rec. Vol. 1 of 3, La. S. Ct. Order, 2014-KO-2139, 5/22/15; La. S. Ct. Letter, 2014-KO-2139, 10/16/14.

[12]St. Rec. Vol. 1 of 3, Application for Post-Conviction Relief, 5/23/16 (dated 5/18/16).

thereby profiting from the ineffective assistance of her counsel, who failed adequately to defend the case. (6) She was denied the right to show actual vindictiveness by and favor given to a co-defendant.

On June 8, 2016, the state trial court issued an order dismissing claims four, five and six as not cognizable on post-conviction review, citing La. Code Crim. P. art. 930.3.[13] The court also dismissed the first claim in part, to the extent it addressed the voluntary intoxication defense, and the second claim, because both claims were resolved on direct appeal, citing La. Code Crim. P. art. 930.4(A). The court ordered additional briefing as to the rest of claim one and claim three, i.e., ineffective assistance of counsel and impeachment of the victim.

On September 9, 2016, the state trial court appointed counsel for Martin and scheduled an evidentiary hearing on the remaining claims.[14] At the July 12, 2017, hearing, the court denied relief under Strickland v. Washington, 466 U.S. 668 (1984).[15] Martin did not seek review of this ruling, either in the Louisiana appellate court or in the Louisiana Supreme Court.[16]

---

[13] St. Rec. Vol. 1 of 3, Partial Judgment, 6/8/16.

[14] St. Rec. Supp. Vol. 1 of 2, Trial Court Order, 9/9/16.

[15] St. Rec. Supp. Vol. 1 of 2, Minute Entry, 7/12/17; Trial Court Judgment, 7/13/17.

[16] On May 17, 2018, a member of my staff contacted the clerk of the Louisiana First Circuit Court of Appeal and confirmed that Martin has not filed any writ applications with that court after her direct appeal. The writ application included in the second supplemental state court record volume produced by the State was filed by her co-defendant, Brittany Martin, and is not related to Sheryl Martin's

II.     FEDERAL HABEAS PETITION

On August 7, 2017, the clerk of this court filed Martin's federal habeas corpus petition in which she asserts the following grounds for relief:[17] (1) The evidence was insufficient to support the conviction of aggravated rape. (2) The petitioner was denied effective assistance of counsel during her trial and on collateral review when her counsel failed to prove her actual innocence. (3) Her Eighth Amendment rights were violated when the state trial court failed to consider a downward departure from the mandatory sentence resulting in imposition of an excessive sentence.

The State filed a response in opposition to Martin's petition asserting that Martin failed to exhaust review of the first two claims and the third claim of excessive sentence is meritless.[18]

III.    GENERAL STANDARDS OF REVIEW

The Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA"), Pub. L. No. 104-132, 110 Stat. 1214, comprehensively revised federal habeas corpus legislation, including 28 U.S.C. § 2254. The AEDPA went into effect on April 24, 1996[19] and

---

conviction and sentence.

[17]Rec. Doc. No. 1.

[18]Rec. Doc. No. 10.

[19]The AEDPA, which was signed into law on that date, does not specify an effective date for its non-capital habeas corpus amendments. Absent legislative intent to the contrary, statutes become effective at the moment they are signed into law. United States v. Sherrod, 964 F.2d 1501, 1505 (5th Cir. 1992).

applies to habeas petitions filed after that date. Flanagan v. Johnson, 154 F.3d 196, 198 (5th Cir. 1998) (citing Lindh v. Murphy, 521 U.S. 320 (1997)). The AEDPA therefore applies to Martin's petition, which, for reasons discussed below, is deemed filed in a federal court on August 2, 2017.[20] The threshold questions in habeas review under the amended statute are whether the petition is timely and whether petitioner's claims were adjudicated on the merits in state court; i.e., the petitioner must have exhausted state court remedies and must not be in "procedural default" on a claim. Nobles v. Johnson, 127 F.3d 409, 419-20 (5th Cir. 1997) (citing 28 U.S.C. § 2254(b), (c)).

The State concedes the timely filing of Martin's petition and does not assert procedural default. The State contends and the record demonstrates, however, that Martin failed to exhaust state court remedies as to <u>all</u> of her claims before filing her federal petition. Her petition should be dismissed without prejudice for that reason.

IV.    EXHAUSTION OF STATE COURT REMEDIES

"A fundamental prerequisite to federal habeas relief under § 2254 is the exhaustion of all claims in state court prior to requesting federal collateral relief." Whitehead v.

---

[20] The Fifth Circuit has recognized that a "mailbox rule" applies to pleadings, including habeas corpus petitions filed after the effective date of the AEDPA, submitted to federal courts by prisoners acting pro se. Under this rule, the date when prison officials receive the pleading from the inmate for delivery to the court is considered the time of filing for limitations purposes. Coleman v. Johnson, 184 F.3d 398, 401 (5th Cir. 1999), cert. denied, 529 U.S. 1057 (2000); Spotville v. Cain, 149 F.3d 374, 378 (5th Cir. 1998); Cooper v. Brookshire, 70 F.3d 377, 379 (5th Cir. 1995). The clerk filed Martin's petition on August 7, 2017, and the matter later was opened when the filing fee was paid. Martin dated her signature on the pleadings on August 2, 2017. This is the earliest date appearing in the record on which she could have delivered her petition to prison officials for mailing to a federal court.

8

Johnson, 157 F.3d 384, 387 (5th Cir. 1998) (citing Rose v. Lundy, 455 U.S. 509, 519-20 (1982)); accord Preiser v. Rodriguez, 411 U.S. 475, 500 (1973); Nobles, 127 F.3d at 419. "A federal habeas petition should be dismissed if state remedies have not been exhausted as to all of the federal court claims." Whitehead, 157 F.3d at 387 (citing 28 U.S.C. § 2254(b)(1)(A); Rose, 455 U.S. at 519-20) (emphasis added).

"The exhaustion requirement is satisfied when the substance of the federal habeas claim has been fairly presented to the highest state court." Id. (citing Picard v. Connor, 404 U.S. 270, 275-78 (1971)) (emphasis added). "[S]tate prisoners must give the state courts one full opportunity to resolve any constitutional issues by invoking one complete round of the State's established appellate review process," including discretionary review when that review is part of the State's ordinary appellate review procedures. O'Sullivan v. Boerckel, 526 U.S. 838, 845 (1999); accord Duncan v. Walker, 533 U.S. 167, 177-79 (2001).

"A federal court claim must be the 'substantial equivalent' of one presented to the state courts if it is to satisfy the 'fairly presented' requirement." Whitehead, 157 F.3d at 387 (citing Picard, 404 U.S. at 275-78). "This requirement is not satisfied if the petitioner presents new legal theories or new factual claims in his federal application." (emphasis added) Id. (citing Nobles, 127 F.3d at 420). It is not enough for a petitioner to raise the claims in the lower state courts, if they were not also specifically presented to the Louisiana Supreme Court. See Baldwin v. Reese, 541 U.S. 27, 32 (2004) (a

9

prisoner does not fairly present a claim to a state court if that court must read beyond a petition or brief, such as a lower court opinion, to find the claim).

To exhaust review of her claims in the state courts, Martin must fairly present the same claims and legal theories she urges in this federal court to the state courts through the Louisiana Supreme Court in a procedurally proper manner. The record demonstrates that Martin has exhausted review only of her third claim addressing excessive sentence. The claim was raised in her direct appeal and review was exhausted through the Louisiana Supreme Court.

Martin, however, has not presented either of her first two claims in any state court before presenting them to this federal court. To the extent her vague ineffective assistance of trial counsel claim may have been encompassed, at least in part, in her state application for post-conviction relief, Martin has not sought review of any of her post-conviction claims in the Louisiana First Circuit or the Louisiana Supreme Court. She, therefore, has not exhausted state court review of these claims.

Martin has not allowed the state courts one full opportunity to review all of her claims through the Louisiana Supreme Court. Only one of the three claims she asserts in her federal petition has been exhausted in the state courts. This case, which includes both exhausted and unexhausted claims, is therefore a "mixed petition," and it is subject to dismissal for that reason. See Whitehead, 157 F.3d at 387 (citing Nobles, 127 F.3d at 420).

The Supreme Court has long required that a mixed petition like this one should be dismissed without prejudice to allow for complete exhaustion. Pliler v. Ford, 542 U.S. 225, 233 (2004) (citing Rose, 455 U.S. at 510). In Pliler, however, the Supreme Court also addressed the possibility of a stay-and-abeyance in connection with "mixed petitions" for habeas relief containing both exhausted and unexhausted claims. Id., 542 U.S. at 230-31. The Pliler Court reiterated the long-standing directive that a mixed petition should be dismissed without prejudice to require exhaustion. Id. at 230. The Supreme Court recognized that a petitioner has two choices when faced with dismissal of a mixed petition: (1) return to the state courts to exhaust the claims in full; or (2) amend or resubmit the petition to pursue only exhausted claims in the federal district court. Id. at 230-31. **Martin is hereby instructed that this choice is now available to her**.

After Pliler, the Supreme Court later held that stay-and-abeyance was an extraordinary remedy not to be made readily available to a habeas petitioner. Rhines v. Weber, 544 U.S. 269, 278 (2005). The Rhines Court cautioned that a stay-and-abeyance "should be available only in limited circumstances," and is appropriate only when the district court determines that there was "good cause" for the failure to exhaust. Id. at 277 (emphasis added). Stays are improper when the unexhausted claims are "plainly meritless" or when the petitioner has engaged in "abusive litigation tactics or intentional delay." Id. at 277-78.

In this case, the record discloses no good cause for Martin's failure to exhaust two of her three claims, and I can find none. Martin was made aware of the requirements for exhaustion when her earlier federal habeas "mixed" petition filed in this court was dismissed while her state application for post-conviction review was still pending in the state trial court.[21] Martin simply has not given the state courts a full opportunity to complete review of all of her claims. The record does not disclose, and Martin has failed to identify, any good reason why this court should stay her second unexhausted petition, and her petition should be dismissed without prejudice for failure to exhaust.

Having shown no good cause for her failure to exhaust or to support a stay and abeyance, this petition should be dismissed without prejudice to allow Martin to exhaust available state court remedies as to all of her claims. **However**, **Martin is hereby provided with the option, within the fourteen (14) day objection period provided below, to amend her habeas petition to dismiss the unexhausted claims and present only the exhausted claim identified in this report**. Pliler, 542 U.S. at 233 (citing Rose, 455 U.S. at 510); Whitehead, 157 F.3d at 387.

---

[21] Martin's first federal habeas petition, Civ. Action 16-3297"F"(2), also was a mixed petition that was dismissed without prejudice for failure to exhaust on December 14, 2016.

## RECOMMENDATION

For the foregoing reasons, unless Martin requests dismissal of her two unexhausted claims so that the court may proceed with her single exhausted claim alleging excessive sentence, it is **RECOMMENDED** that Martin's petition for issuance of a writ of habeas corpus under 28 U.S.C. § 2254 be **DISMISSED WITHOUT PREJUDICE** for failure to exhaust state court remedies.

A party's failure to file written objections to the proposed findings, conclusions, and recommendation in a magistrate judge's report and recommendation within fourteen (14) days after being served with a copy shall bar that party, except upon grounds of plain error, from attacking on appeal the unobjected-to proposed factual findings and legal conclusions accepted by the district court, provided that the party has been served with notice that such consequences will result from a failure to object. Douglass v. United Servs. Auto. Ass'n, 79 F.3d 1415, 1430 (5th Cir. 1996) (en banc) (citing 28 U.S.C. § 636(b)(1)).[22]

New Orleans, Louisiana, this \_\_\_18th\_\_\_ day of May, 2018.

JOSEPH C. WILKINSON, JR.
UNITED STATES MAGISTRATE JUDGE

---

[22]Douglass referenced the previously applicable ten-day period for the filing of objections. Effective December 1, 2009, 28 U.S.C. § 636(b)(1) was amended to extend the period to fourteen days.